

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 11, 1975

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County
P. O. Box 2553
Beaumont, Texas 77704

Opinion No. H- 579

Re: Whether a county may purchase
and maintain parks with general
fund revenues instead of holding
an election to levy a park tax
under articles 6078 or 6081e,
V. T. C. S.

Dear Mr. Hanna:

You have requested our opinion regarding whether a county may purchase
and maintain parks with general fund revenues without holding an election for
the purpose of levying a park tax under article 6078 or article 6081e, V. T. C. S.

Article 6078 authorizes the commissioners court of a county to:

. . . levy and collect a tax not to exceed five (5) cents
on each one hundred dollars assessed valuation of the
county for the purchase and improvement of lands for
use as county parks.

Collection of such tax must be ratified by "a two-thirds majority of the property
taxpaying voters" of the county. The commissioners court is also authorized
to "levy and collect an annual tax sufficient in their judgment to properly main-
tain such parks" and to make various permanent improvements.

Article 6081e empowers "[a]ny county or any incorporated city of this state,
either independently or in cooperation with each other," to acquire parks, and
for their purchase and/or improvements, to:

levy a tax not exceeding ten cents (10¢) on the One
Hundred Dollars ($100) valuation of taxable property.
. . . Art. 6081e, section 2, V. T. C. S.

Counties and incorporated cities may also "levy a tax of not exceeding five cents
(5¢) on the One Hundred Dollars ($100) property valuation to create a fund for
the improvement and operation of such parks." Id., sec. 3.

p. 2580

Article 6081f, enacted in 1965, repealed all ad valorem tax limitations with regard to parks or park bonds of all counties and incorporated cities, towns and villages, "except for those ad valorem tax limitations imposed by the provisions of the Constitution of the State of Texas."

Prior to 1967, counties were required by the Constitution to maintain separately the four constitutional funds: general, permanent improvement, road and bridge, and jury fund.  The tax levy for the acquisition and improvement of parks was allocable to the permanent improvement fund, and the tax levy for the maintenance and operation of parks was allocable to the general fund.  Attorney General Opinions V-284 (1947) and V-744 (1948).  We believe that, even prior to 1967, a county was permitted to expend moneys from the general fund for park maintenance and operation, even though no specific park tax had been authorized pursuant to the election provisions of articles 6078 and 6081e.   Those statutes place no limitation on the authority of a commissioners court to expend funds for park purposes; they merely provide a means of raising tax revenues.  Furthermore, since article 6081f has repealed the tax rate limitations of articles 6078 and 6081e,  it can no longer be argued that permitting a county to expend from the general fund for park maintenance and operation without holding an election provides a means of circumventing the ceiling imposed by the statutes.

Expenditure from the general fund for the purpose of acquiring and improving parks presents a more difficult question.  As we have noted, the tax levy for the acquisition of parks is allocable to the permanent improvement fund.  But the 1967 amendment to article 8, section 9 of the Texas Constitution provides that:

> (a)ny county may put all tax money collected by the
> county into one general fund, without regard to the
> purpose or source of each tax.

A previous opinion of this office has interpreted this language as discretionary:

> . . . it seems clear that a county may use one general
> fund for its taxes, subject to its outstanding debts, or
> a county may use the four funds in question according
> to its own judgment . . .
> Attorney General Opinion M-207 (1968) other parts of
> which were overruled by Attorney General Opinion H-194
> (1974).

The opinion held further that a commissioners court may consolidate fewer than all four funds into the general fund, and may maintain one or more funds separate and apart from the others.

If a county has consolidated its permanent improvement fund into its general fund, as authorized by article 8, section 9 of the Texas Constitution, it may then expend moneys from the general fund for park acquisition and improvement, since article 8, section 9 places no limitation on the "purpose or source" of tax moneys in the general fund. If the county continues to maintain a separate permanent improvement fund, however, we believe that expenditures for acquiring and improving parks should be made solely from this fund, since it is the fund into which taxes levied for such purposes are allocated. See Attorney General Opinion V-284 (1947).

In summary, it is our opinion that a county may expend moneys from its general fund for the maintenance and operation of parks without holding an election to levy a park tax. A county may expend moneys from its general fund for the acquisition and improvement of parks without holding an election to levy a park tax only where the permanent improvement fund has been consolidated with the general fund; otherwise, such expenditures must be made from the permanent improvement fund.

## SUMMARY

A county may expend moneys from its general fund for the maintenance and operation of parks without holding an election to levy a park tax. A county may expend moneys from its general fund for the acquisition and improvement of parks without holding an election to levy a park tax provided the county's permanent improvement fund has been consolidated with its general fund; otherwise, such expenditures must be made from the permanent improvement fund.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee